ULLMAN v. ROTHSCHILD.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

SALE—MANUFACTURE—ACTION FOR BREACH—QUESTION FOR JURY.

In an action for work and labor and services performed for the defendant in manufacturing certain articles ordered from the plaintiff, evidence merely that the defendant and plaintiff had a conversation with respect to the goods, and that defendant said he wanted to examine what plaintiff claimed he was selling under an order which defendant gave; that defendant said that, if plaintiff would make an allowance on the goods, he would look at them and see if he could use them—was insufficient to warrant the direction of a verdict in plaintiff's favor, in the absence of any admission of a contract or evidence that the goods were manufactured in accordance with a contract, though plaintiff testified that he received orders for some of the goods personally.

Appeal from Trial Term, New York County.

Action by David I. Ullman against Solomon Rothschild. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed conditionally.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

M. Blumenthal, for appellant.
A. Pagelow, for respondent.

PATTERSON, J. The record of the trial in this case is confused and unsatisfactory, but from it we gather that the plaintiff was entitled to recover on the first cause of action mentioned in the complaint, but not upon the second. It is alleged in the complaint, as a first cause of action, that at various times between January 8, 1904, and May 23, 1904, the plaintiff, at the special instance and request of the defendant, performed certain work, labor, and services for the defendant in manufacturing certain articles which the defendant had ordered, and for which he promised and agreed to pay at the agreed sum of $2,640, and a schedule of those articles thus manufactured and delivered was annexed to the complaint. A credit was given on account of the purchase price of those articles, and the balance claimed to be due was $1,652.80. As a second cause of action, the plaintiff alleged that at various times between February 10 and April 31, 1904, the plaintiff, at the special instance and request of the defendant, performed certain work, labor, and services for the defendant in manufacturing certain articles which the latter had ordered the former to manufacture for him on or about February 10, 1904, and for which the defendant promised and agreed to pay the sum of $664.75, and an itemized statement thereof was annexed to the complaint. Plaintiff alleged that he performed all the conditions on his part to be performed, and that during the period of time mentioned in the second cause of actions he tendered delivery of the articles mentioned therein, and that the defendant refused, unreasonably and without just cause, to receive such articles, or any part thereof, and refused to pay for the same or to perform his agreement in respect thereto; that thereupon the plaintiff notified the defendant that he would sell such articles for

the account and risk of the defendant, and that he sold certain of them, and that after crediting the defendant with the proceeds of such sale the defendant remained indebted to the plaintiff for the sum of $594.75. The defendant, in his answer, denied the allegations of the complaint, and, by way of defense to the second cause of action, alleged that in January, 1904, he ordered and purchased from the plaintiff merchandise at agreed prices, and upon the distinct understanding that it should be delivered by the plaintiff in the month of February following, and that he was ready and willing to accept the merchandise at the time specified; that it was not delivered as agreed, but, on the contrary, on or about April 28, 1904, the plaintiff tendered goods purporting to be the merchandise in question, and the defendant refused to accept the same.

Under the condition of the pleadings, there was a general denial of each and every allegation in the complaint contained. That general denial applied to both causes of action. The separate defense alleged was as to the second cause of action. It was an affirmative defense, but it was not of such a character as necessarily contained an admission militating against the general denial of both causes of action contained in the answer. On the trial the court directed a verdict for the plaintiff as to both causes of actions.

It is quite clear that the court was right in directing a verdict on the first cause of action. The uncontradicted evidence is that the defendant acknowledged his indebtedness on that cause of action, and the proof was ample to show that the plaintiff was entitled to recover thereon; but, as to second cause of action, there is no evidence whatever in the record which authorized the direction of a verdict. Referring to the allegations of the complaint, there is a failure of proof to show that the defendant ordered the articles embraced in that cause of action, or that there was a tender of delivery of such merchandise, or a refusal to accept the same; and, indeed, there is nothing which can be considered as proof to charge the defendant with responsibility on that cause of action. All that there is shown with reference to it is that the defendant and the plaintiff had a conversation with respect to the goods, and that the defendant said he wanted to examine what the plaintiff claimed he was selling under an order which the defendant gave; that the defendant said that, if the plaintiff would make an allowance on the goods, he would look at them and see if he could use them. There is no admission of a contract to manufacture the articles, as alleged in the complaint. There was no proof that they were manufactured in accordance with a contract. It is true that the plaintiff swears that he received orders for the goods personally, but not all of them.

Under the condition of the proof, the court should not have ordered a verdict including the amount claimed to be due on the second cause of action. It was proper to direct a verdict as to the first cause of action, but not as to the second. The amount claimed on the first cause of action was definitely fixed at the trial at $1,640, and the interest on that amount was computed at $49.20. The judgment must therefore be reversed unless the plaintiff consents to reduce the judgment to $1,689.20.

If such consent is given, the judgment will be affirmed at the reduced amount without costs. If not, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

O'BRIEN, P. J., and INGRAHAM and HATCH, JJ., concur. McLAUGHLIN, J., concurs in result.